UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PATRICK WITHERS,

    Plaintiff,

**COMPLAINT**

-against-

Civ. No.07-_____(___)

THE VILLAGE OF AIRMONT,
THE BOARD OF TRUSTEES OF THE VILLAGE OF AIRMONT,
JOSEPH MEYERS AS DEPUTY MAYOR AND TRUSTEE,
MAUREEN SCHWARZ AS TRUSTEE, AND ROY DOUGHERTY
AS BUILDING CODE INSPECTOR OF THE VILLAGE OF
AIRMONT, IN EACH OF THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES,

**07 CIV. 9674**

**JUDGE ROBINSON**

    Defendants.
-----------------------------------------------------------X

FILED
OCT 31 2007
USDC WP SDNY

    The Plaintiff, Patrick Withers, by counsel, and for his Complaint, respectfully states as follows upon information and belief:

## INTRODUCTION

    1.    This suit seeks relief from Defendants' clear and purposeful deprivation and violation, under color of state law, of the Plaintiff's rights under the Free Speech and Equal Protection Clauses. The Plaintiff is an individual citizen and legislative candidate who seeks declaratory relief, injunctive relief, and both compensatory and punitive damages in connection with Defendants' illegal and unauthorized prohibition and restriction of Free Speech and violation of the Equal Protection Clause. Defendants' actions, individually and collectively, have resulted in the deprivation of Plaintiff's Federal and State Constitutional rights to Free Speech and Equal Protection of the Laws.

2. The Plaintiff brings this action pursuant to 42 U.S.C. §1983; the First and Fourteenth Amendments to the U.S. Constitution; and, Article 1, Sections 8 and 11 of the New York State Constitution.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331, in that claims are asserted under the laws of the United States, and under 28 U.S.C. § 1343(a), in that claims are asserted under laws providing for the protection of civil rights. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367. Plaintiff also seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

5. At all relevant times herein, Plaintiff is and was a private individual, registered voter, and candidate for the office of 12th Legislative District of the County of Rockland, which includes the Village of Airmont, exercising his right to free speech through public political expression in the Village of Airmont, Town of Ramapo, County of Rockland, State of New York.

6. At all relevant times herein, Defendant Village of Airmont, ("Village") is a local municipal state government organized pursuant to the laws of the State of New York.

7. At all relevant times herein, Defendant Board of Trustees of Airmont is a public body established, organized and authorized pursuant to New York State Law with

the authority to sue and be sued, and was at all times relevant herein, acting within the course and scope of its authority and under color of law, and responsible for Village administration and policy making, including the policies and procedures at issue herein.

8. At all relevant times herein, Defendant, Joseph Meyers, who at all times acted under color of law, is Deputy Mayor and member of the Board of Trustees of the Village, responsible for Village administration and policy making, including the policies and procedures at issue herein, and is sued in both his official and individual capacities.

9. At all relevant times herein, Defendant, Maureen Schwarz, who at all times acted under color of law, is a member of the Board of Trustees of the Village, responsible for Village administration and policy making, including the policies and procedures at issue herein, and is sued in both her official and individual capacities.

10. At all relevant times herein, Defendant Roy Dougherty, who at all times acted under color of law, is the Building Code Inspector of the Village of Airmont, and is sued in both his individual and official capacities.

## FACTUAL BACKGROUND

11. At all times relevant herein, Plaintiff was and is a candidate running for the office of 12th Legislative District of the County of Rockland, which includes the Village of Airmont in the 2007 election.

12. Plaintiff, in connection with his present and past political campaigns, has posted political signs in the Village of Airmont supporting his candidacy. He intends to post such signs in connection with any future political campaign which he enters. In addition, as a registered voter in the 12th Legislative District of the County of Rockland,

Plaintiff desires to be able to view signs of other political candidates in the Village of Airmont.

13. The Village Code's provisions are content-based and single out political signs for differential treatment.

14. The Village Code prohibits the posting of a political sign "within the Village more than 45 days prior to the nomination, primary, election or referendum to which it pertains" and has the effect of prohibiting posting of such political signs within the Village of Airmont for the remaining 320 days of the year. Code of the Village of Airmont, New York ("Village Code") §210-64(D)(3).[1]

15. The Village Code places no such time restriction on non-political signs.[2]

16. The Village Code requires those desiring to post a political sign in the Village of Airmont to file an application for a temporary sign permit with the Building Inspector and pay the required fee, including security deposit. Village Code §210-64(A)(1).

17. The Village Code exempts certain other temporary signs from the permit requirement on the basis of content, including but not limited to, temporary real estate signs, temporary construction/renovation/repair signs, and temporary tax-exempt organization sign. Village Code §210-62(I), (L).

---

[1] A copy of the pertinent portions of the Village Code are annexed hereto collectively as Exhibit "A".
[2] The content based restrictions is further evidenced by comparing the 45 day limitation for political signs with a copy of a temporary sign permits issued by the Defendant Village to (1) Realty Team Corp. on July 12, 2007 which expires on July 12, 2008 for real estate purposes; (2) Blue Sky Realty on September 6, 2007 and expires on September 6, 2008 for real estate purposes; (3) Rodeo Realty, Inc., on October 10, 2007 and expires on October 10, 2008 for open house purposes are annexed hereto collectively as Exhibit "B".

18. The Village Code expressly requires a security deposit for political signs ($250) that is 150% greater than that required for temporary signs expressing other forms of speech ($100). Village Code §106-6(B).

19. The Village Code fails to provide sufficient safeguards to ensure permit applications for political signs will be determined expeditiously. Village Code §210-64(A)(1).

20. The Village Code expressly restricts the size of political signs to 16 square feet in commercial zones and 8 square feet in residential zones while permitting posting of other certain temporary signs up to 30 square feet in commercial zones and 15 square feet in residential zones. Compare, Village Code §210-64(D)(5) and §210-62(I). Other certain temporary signs are permitted up to a maximum of 36 square feet. Village Code §210-62(L).

21. The Village Code expressly prohibits Village Officials from moving political signs. "without the order of a court of competent jurisdiction" Village Code §210-64(A)(3)

22. At all times relevant herein, Defendant Meyers was and is a candidate running for the office of 12th Legislative District of the County of Rockland, which includes the Village of Airmont, in the 2007 election.

23. The members of the Board of Trustees of the Defendant Village, including Trustee Maureen Schwarz, Trustee Veronica Boesch, Trustee Anthony Valenti, and Mayor Dennis Kay, support and/or are actively involved in Defendant Meyers' campaign for the office of 12th Legislative District of the County of Rockland, which includes the Village of Airmont, in the 2007 election.

24. On or about July 23, 2007, the Defendant Board adopted an amendment to the political sign law changing the definition of "political sign" for the purpose of permitting a private organization, Preserve Ramapo, to circumvent the 45 day time restriction otherwise applicable to political signs.[3]

25. At all relevant times herein, Defendant Meyers is and was an active member of Preserve Ramapo and a Preserve Ramapo candidate for County Legislature and a photograph depicting all Defendant Board Members and the Mayor taken in the Challenger Room where Defendant Board meetings are held is found on Preserve Ramapo's website.[4]

26. The Defendant Board's amendment to the political sign law on July 23, 2007 is intentionally content-based and further singles out certain political signs for differential treatment based on a sign's message and view point.

27. While intentionally serving a special interest group, The Board's amendment to the political sign law on July 23, 2007 left the unconstitutional provisions of the Village Code intact.

28. On or about August 14, 2007, in an attempt to chill Plaintiff's exercise of free speech, Defendant Meyers commenced a defamation action against Plaintiff Withers in the Supreme Court State of New York, County of Rockland, allegedly based upon the content of certain political flyers.

29. On August 16, 2007, Defendant Maureen Schwarz sent an e-mail to the Plaintiff identifying herself as campaign manager of the "Friends of Joe Meyers" and

---

[3] Copies of the Village of Airmont Board of Trustees' Minutes from May 21, 2007 and July 23, 2007 are annexed hereto as Exhibit "C".

[4] A copy of Preserve Ramapo's campaign material identifying Defendant Meyers' as its candidate for County Legislature and a copy of the pertinent portion of preserveramapo.org's website as it appeared on October 31, 2007 is annexed hereto as Exhibit "D".

demanded that Plaintiff remove campaign signs in the area at or about Wal-Mart shopping center, Route 59, Village of Airmont, New York.

30. On August 16, 2006, Defendant Maureen Schwarz further directed Plaintiff to "remove the Wal-Mart signs by 5 p.m. today or we will remove them . . . and we will advise you where you can pick up such removed signs for placement elsewhere".

31. On or about August 26, 2007, in an attempt to chill Plaintiff's exercise of free speech, Defendant Meyers directed the Ramapo Police Department to remove political signs supporting Plaintiff from the area on or about the Wal-Mart property, Route 59, Village of Airmont, New York.

32. On or about September 9, 2007, approximately 60-70 political signs supporting the Plaintiff were stolen within Legislative District 12, including signs that were posted within the Village of Airmont.

33. On or about September 18, 2007, Defendant Meyers defeated Plaintiff in the Democratic Primary for the 12th Legislative District of the County of Rockland, which includes the Village of Airmont, and is the Democratic candidate for the November 6th, 2007 election.

34. Subsequent to the September 18, 2007 Democratic Primary, Plaintiff continues to be a candidate for the 12th Legislative District of the County of Rockland, which includes the Village of Airmont, running on the Working Families and Conservative lines for the November 6, 2007 election.

35. Defendants' enforcement of the Village Code is selective and content-based.

36. On or about September 25, 2007, the Defendant Roy Doherty issued a Violation Notice to the Plaintiff alleging Plaintiff violated Village Code, Article VIII, §210-64(D)(5) which states that no political sign may exceed 16 square feet in a commercial district nor 8 square feet in a residential district.

37. The Notice of Violation involved a political sign supporting Plaintiff placed by on private property located at 222 Route 59, Village of Airmont, County of Rockland, State of New York, and was prominently placed on the face of the sign by Defendants so that all the public could see same.

38. On or about October 9, 2007, an Appearance Ticket alleging Plaintiff violated Village Code, Article VIII, §210-64(D)(5) which states that no political sign may exceed 16 square feet in a commercial district nor 8 square feet in a residential district. The appearance is currently scheduled for November 15, 2007.

39. Although other signs in the Village of Airmont exceeded the size of Plaintiff's, none were issued a notice of violations and/or appearance ticket on or before September 25, 2007.

40. Plaintiff was discouraged from posting signs earlier in the campaign by the threat of enforcement of the aforesaid unconstitutional provisions and the negative publicity resulting from same.

41. Plaintiff's voluntary compliance with the aforesaid unconstitutional provisions limited the time, duration, size and location of his political signs.

42. On or about October 26, 2007, Defendant Meyers was observed stealing a competing political sign from private property in the Village of Airmont.

## AS AND FOR A FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983 – United States Constitution, Amendment I

43. The Plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "42" as though set forth in full herein.

44. Defendants have violated the by prohibiting Plaintiff's political speech without any legal justification.

45. Defendants have engaged in view-point based discrimination without a compelling state interest.

46. Defendants have engaged in content-based discrimination without a compelling state interest.

47. Defendants have implemented unreasonable time, place and manner restrictions which are unrelated to any legitimate government interest.

48. Defendants have engaged in an unconstitutional prior restraint on speech.

49. Defendants have implemented an unconstitutional permit scheme by engaging in a policy and practice of vesting its officials with excessive and unbridled discretion to prohibit expressive activity.

50. Defendants have engaged in a pattern and practice of harassment with the purpose, intention, and effect of chilling Plaintiff's exercise of Free Speech.

51. As a direct result of Defendants' illegal acts, Plaintiff has suffered and will continue to suffer irreparable harm to his constitutional rights.

52. As a result of the foregoing conduct by the Defendants, the intentional, discriminatory action of the Defendants resulted in deprivation of the civil rights of the Plaintiff under 42 U.S.C. § 1983.

53. As a result of the foregoing conduct of the Defendants, the Defendants did otherwise discriminate against and did limit Freedom of Speech protected by the First Amendment so as to deprive or tend to deprive the Plaintiff of his Constitutional rights.

54. At all times the Defendants acted under color of law in carrying out a practice or policy of the Village of Airmont.

55. As a result of the aforesaid conduct by the Defendants against the Plaintiff, the Plaintiff has and will continue to sustain impairment of his First Amendment rights and monetary and other damages should be awarded in the amount not to exceed Five Million ($5,000,000) Dollars.

56. As a result of the conduct of the Defendants, the Plaintiff has suffered otherwise in the exercise of his First Amendment rights.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983 – United States Constitution, Amendment XIV

57. The Plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "56" as though set forth in full herein.

58. Prior to October 9, 2007, there have been other political signs located in the Village which would violate the Village Code §210-64(D)(5) if said Code provision were enforced.

59. The Defendants have not enforced the Village Code in a uniform manner, but have selectively enforced the provisions of the Village Code to prohibit any political signs that support opponents of the Defendant Meyers and to permit political signs that do not oppose the Defendant Meyers.

60. As a result of the foregoing conduct by the Defendants, the discriminatory action of the Defendants resulted in deprivation of the civil rights of the Plaintiff under 42 U.S.C. § 1983.

61. As a result of the foregoing conduct of the Defendants, the Defendants did otherwise discriminate against and did violate the Equal Protection Clause of the Fourteenth Amendment so as to deprive or tend to deprive the Plaintiff of his Constitutional rights.

62. The selective enforcement of the Code provisions by the Defendants should be declared unconstitutional, illegal and otherwise in violation of the rights of the Plaintiffs to Equal Protection under the law.

63. At all times the Defendants acted under color of law in carrying out a practice or policy of the Village of Airmont.

64. As a result of the aforesaid conduct by the Defendants against the Plaintiff, the Plaintiff has and will continue to sustain impairment of his Fourteenth Amendment rights and monetary and other damages should be awarded in the amount not to exceed Five Million ($5,000,000) Dollars.

65. As a result of the conduct of the Defendants, the Plaintiff has suffered otherwise in the exercise of his Fourteenth Amendment rights.

### AS AND FOR A THIRD CAUSE OF ACTION
#### Declaratory Judgment

66. The Plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "65" as though set forth in full herein.

67. The conduct of the Defendants unless restrained by this Court will continue to violate the rights of the Plaintiff.

68. The Plaintiff will suffer irreparable harm unless the Defendants are restrained from issuing any violations or otherwise proceeding with enforcement and criminal actions against the Plaintiffs.

69. Based upon the foregoing, the Village Code §§106-6(B), 210-62, 210-64(A)(1), 210-64(D)(3), and the July 23, 2007 amendment together with the Defendants' actions should be declared unconstitutional and otherwise illegal and the Defendants restrained from enforcing this provision of the Code.

AS AND FOR A FOURTH CAUSE OF ACTION
New York State Constitution
Article I, Section 8 - Freedom of Speech

70. The Plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "69" as though set forth in full herein.

71. As a result of the foregoing conduct of the Defendants, the Defendants did otherwise deprive, discriminate against and limit Plaintiff's Freedom of Speech protected by the New York Constitution Article I, Section 8 so as to deprive or tend to deprive the Plaintiff of his state constitutional rights.

72. At all times the Defendants acted under color of law in carrying out a practice or policy of the Village of Airmont.

73. As a result of the aforesaid conduct by the Defendants against the Plaintiff, the Plaintiff has and will continue to sustain impairment of his Freedom of Speech and monetary and other damages should be awarded in the amount not to exceed Five Million ($5,000,000) Dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION
### New York State Constitution
### Article I, Section 11 – Equal Protection

74. The Plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "73" as though set forth in full herein.

75. Defendants have deprived and continue to deprive Plaintiff of equal protection of the laws as secured by Article 1, Section 11 of the New York Constitution by discriminating against Plaintiff on the basis of his political beliefs and viewpoint, and by excluding political expression while including and allowing other similarly situated persons and/or entities to convey various non-political and/or opposing viewpoints within the forum absent the same restrictions and/or limitations.

76. As a direct result of Defendants' illegal acts, Plaintiff has suffered and will continue to suffer irreparable harm to his constitutional rights.

77. As a result of the aforesaid conduct by the Defendants against the Plaintiff, the Plaintiff has and will continue to sustain impairment of his rights under the Equal Protection Clause of the New York State Constitution and monetary and other damages should be awarded in the amount not to exceed Five Million ($5,000,000) Dollars.

78. On all claims for relief, the Plaintiffs should be entitled to an award of attorneys' fees.

WHEREFORE, Plaintiff demands Judgment as follows:

A. For an order granting permanent injunctive relief enjoining the Defendants and its officers or agents from interfering with Plaintiff's constitutional rights in the future;

B. For a judgment declaring Village Code §§106-6(B), 210-62, 210-64(A)(1), 210-64(D)(3), and the July 23, 2007 amendment together with the Defendants' actions as unconstitutional;

C. For a judgment awarding compensatory damages against the Defendants, jointly and severally, as set out in the First, Second, Fourth, and Fifth Causes of Action in the sum of not to exceed Five Million ($5,000,000) Dollars.

D. For a judgment awarding punitive damages against the individual Defendants as set out in the First, Second, Fourth, and Fifth Causes of Action in the sum of not to exceed Five Million ($5,000,000) Dollars.

E. For an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988; and,

I. For such other and further relief as this Court may deem just and proper.

The Plaintiff demands a trial by jury of all issues so triable.

Dated: October 31, 2007
      South Nyack, New York

Respectfully submitted,

CONDON RESNICK, LLP

By: _____

Brian K. Condon, Esq. (4683)
Attorneys for Plaintiffs
96 South Broadway
South Nyack, New York 10960
(845) 358-8900