UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PATRICK WITHERS,

                            Plaintiff,         **ANSWER**

    -against-                       07 CIV. 9674 (SCR)
                                      ECF CASE
                                      **JURY TRIAL DEMANDED**

THE VILLAGE OF AIRMONT, THE BOARD
OF TRUSTEES OF THE VILLAGE OF AIRMONT,
JOSEPH MEYERS AS DEPUTY MAYOR AND
TRUSTEE, MAUREEN SCHWARZ AS TRUSTEE,
AND ROY DOUGHERTY AS BUILDING CODE
INSPECTOR OF THE VILLAGE OF AIRMONT,
IN EACH OF THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES,

                            Defendants.
-----------------------------------------------------------------x

       Defendants, Village of Airmont, The Board of Trustees of the Village of Airmont, Joseph Meyers as Deputy Mayor and Trustee, Maureen Schwarz as Village Trustee and Roy Dougherty as Building Code Inspector of the Village of Airmont, by their attorneys, LAW OFFICE OF THOMAS K. MOORE, answering the complaint, respectfully set forth upon information and belief:

## INTRODUCTION

    1.    Deny each and every allegation contained in paragraphs numbered "1" and "2" of the complaint, and refer all questions of law to this Honorable Court.

## JURISDICTION AND VENUE

    2.    Deny each and every allegation contained in paragraphs numbered "3" and "4" of the complaint, and refer all questions of law to this Honorable Court.

## PARTIES

    3.    Deny any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph numbered "5" of the complaint.

4.    Admit each and every allegation contained in paragraphs numbered "6", "7", "8", "9", and "10" of the complaint.

## FACTUAL BACKGROUND

5.    Admit each and every allegation contained in paragraphs numbered "11", "22" and "29", "30", "33", "36", "38", of the complaint.

6.    Deny any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs numbered "12", "23", "32", "34" and "40" of the complaint.

7.    Deny each and every allegation contained in paragraph numbered "13" of the complaint, and refer all questions of law to this Honorable Court.

8.    Deny each and every allegation contained in paragraphs numbered "14", "15", "16", "17", "18" "20", "21" and "24" of said complaint except as said provisions may otherwise reflect, and respectfully refer to said provisions at best evidence of their content, purport and intent.

9.    Deny each and every allegation contained in paragraphs numbered "19", "26" and "27", "31", "35", "39", "41" and "42" of the complaint.

10.    Deny each and every allegation contained in paragraph numbered "25" of the complaint except admit that defendant Meyers was a Preserve Ramapo candidate for County Legislature.

11.    Deny each and every allegation contained in paragraph numbered  "28" of the complaint, except admit that on or about August 14, 2007, Defendant Meyers commenced a defamation action against plaintiff Withers in the Supreme Court State of New York, County of Rockland.

12.    Deny each and every allegation contained in paragraph numbered "37" of the complaint except admit that the Notice of Violation involved a political sign supporting Plaintiff placed by on private property located at 222 Route 59, Village of Airmont, County of Rockland, State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## 42 U.S.C. SECTION 1983- UNITED STATES CONSTITUTION, AMENDMENT I

13.    Repeat and reiterate all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length.

14.    Deny each and every allegation contained in paragraphs numbered "44", "45', "46", "47", "48", "49", "50", "51", "52", "53", "54", "55" and "56" of the complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. SECTION 1983 – UNITED STATES CONSTITTION, AMENDEMENT XIV

15.    Repeat and reiterate all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length.

16.    Deny each and every allegation contained in paragraphs numbered "58", "59", "60", "61", "62", "63", "64" and "65" of the complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
## DECLATORY JUDGMENT

17.    Repeat and reiterate all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length.

18.    Deny each and every allegation contained in paragraph numbered "67", "68" and "69" of the complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NEW YORK STATE CONSTITUTION
## ARTICLE I. SECTION 8 – FREEDOM OF SPEECH

19.     Repeat and reiterate all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length

20.    Deny each and every allegation contained in paragraph numbered "71", "72" and "73" of the complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
## NEW YORK STATE CONSTITUTION
## ARTICLE I. SECTION 11 – EQUAL PROTECTION

21.     Repeat and reiterate all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length

22.    Deny each and every allegation contained in paragraph numbered "75", "76", "77' and "78" of the complaint.

## AS AND FOR A FIRST SEPARATE, AFFIRMATIVE AND COMPLETE
## DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
## THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
## UPON INFORMATION AND BELIEF:

23.    That defendants are entitled to absolute immunity for actions taken in their legislative capacities.

**AS AND FOR A SECOND SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

24.     At all times relevant hereto, the defendants acted in accordance with all applicable laws, rules, regulations and statues of the State of New York and of the United States of America.

**AS AND FOR A THIRD SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

25.     Plaintiff alleges no action or inaction on the part of the defendants which would give rise to a claim pursuant to 42 U.S.C § 1983.

**AS AND FOR A FOURTH SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

26.     Any conduct alleged by the plaintiff is *de minimus* and insubstantial and, as such, the allegations fail to establish a claim under 42 U.S.C § 1983

**AS AND FOR A FIFTH SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

27.     Punitive damages are not recoverable against the municipality.

**AS AND FOR A SIXTH SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

28.     Insofar as it appears that plaintiff seeks to impute liability to the municipal defendant simply because it is alleged to have employed one or more alleged constitutional tortfeasors, this action should be dismissed since the doctrine of *respondeat superior* is not available in an action brought pursuant to 42 U.S.C §1983.

**AS AND FOR A SEVENTH SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

29.    If plaintiff suffered any injuries or damages, such injuries or damages were not the result of a pattern, practice, policy or custom of the municipality and were not the result of any action taken by defendants acting under color of state law.

**AS AND FOR A EIGHTH SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

30.    Plaintiff is not entitled to attorney's fees because he has not alleged any cognizable constitutional or federal claim.

**AS AND FOR A NINTH SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THESE DEFENDANTS
RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

31.    Plaintiff has failed to allege any claim pursuant to which they would be entitled to recover punitive damages from the named defendants.

**AS AND FOR A TENTH SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

32.    To the extent plaintiff raises any state law claims, those claims are barred by virtue of plaintiffs' failure to comply with General Municipal Law § 50-e and § 50-i.

**AS AND FOR A ELEVENTH SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

33.    That if the plaintiff sustained any damages as alleged, such damages were caused by his own fault and negligence, and/or culpable conduct, wholly or partially.

**WHEREFORE**, each answering defendant demands judgment:

(1)    Dismissing the complaint, and

(2)    For costs, disbursements and attorney's fees against adverse parties.


Dated:  White Plains, New York
        January 16, 2008


                              LAW OFFICE OF THOMAS K. MOORE


                              By:  _____/s/_____
                                     BRIAN J. POWERS (BP-1992)
                              Attorneys for Defendants
                              THE VILLAGE OF AIRMONT, THE BOARD
                              OF TRUSTEES OF THE VILLAGE OF AIRMONT,
                              JOSEPH MEYERS AS DEPUTY MAYOR AND
                              TRUSTEE, MAUREEN SCHWARZ AS TRUSTEE,
                              AND ROY DOUGHERTY AS BUILDING CODE
                              INSPECTOR OF THE VILLAGE OF AIRMONT
                              Office & P.O. Address
                              701 Westchester Avenue - Suite 101W
                              White Plains, New York  10604
                              (914) 285-8500


TO:

CONDON RESNICK, LLP
Attorneys for Plaintiff
96 South Broadway
Nyack, New York  10960
(845) 358-8900