UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
PATRICK WITHERS,

       Plaintiff,

       -against-

THE VILLAGE OF AIRMONT,
THE BOARD OF TRUSTEES OF THE VILLAGE OF AIRMONT,
JOSEPH MEYERS AS DEPUTY MAYOR AND TRUSTEE,
MAUREEN SCHWARZ AS TRUSTEE, AND ROY DOUGHERTY
AS BUILDING CODE INSPECTOR OF THE VILLAGE OF
AIRMONT, IN EACH OF THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES,

       Defendants.
--------------------------------------------------------------------X

**ECF CASE**

**AFFIDAVIT IN SUPPORT
OF SUMMARY JUDGMENT**
Civ. No.07-9674(SCR)

STATE OF NEW YORK    )
                        )SS:
COUNTY OF ROCKLAND  )

    PATRICK WITHERS, being duly sworn, deposes and says:

    1.    Your deponent is the Plaintiff in the above referenced matter, and am fully familiar with all facts and circumstances heretofore had herein, and make this Affidavit based upon personal knowledge.

    2.    This affidavit is submitted in support of the within motion pursuant to Rule 56 of the Fed.R.Civ.P. for an Order granting summary judgment in favor of the Plaintiff upon the grounds that there are no factual issues in dispute and that judgment must be granted as a matter of law because the Code of the Village of Airmont, New York ("Village Code") herein unlawfully singles out political signs based on content; the Village Code vests unbridled discretion with respect to the grant or denial of a sign permit to municipal policymakers and does not guarantee an expeditious grant or denial of permit applications;

and, Defendants' enforcement of the Village Code was selective and content-based.

3.     A true and correct copy of Plaintiff's Complaint dated October 31, 2007 with all attachments referred to therein is collectively annexed hereto as Exhibit "A".

4.     A true and correct copy of Defendants' Answer dated January 16, 2008 is annexed hereto as Exhibit "B".

### BACKGROUND

5.     Your deponent is an individual citizen and former legislative candidate who seeks declaratory relief, injunctive relief, and damages in connection with Defendants' illegal and unauthorized prohibition and restriction of Free Speech and violation of the Equal Protection Clause. (See, Plaintiff's Complaint at paras. 1, 5).

6.     In 2007, your deponent was a candidate for the office of 12th Legislative District of the County of Rockland, which includes the Village of Airmont, exercising my right to free speech through public political expression in the Village of Airmont, Town of Ramapo, County of Rockland, State of New York.

7.     In connection with the 2007 campaign, your deponent posted political signs in the Village of Airmont supporting his candidacy. Your deponent intends to post such signs in connection with any future campaigns in which I may enter. In addition, as a registered voter in the 12th Legislative District of the County of Rockland, your deponent desires to be able to view signs of other political campaigns in the Village of Airmont.

8.     In 2007, Defendant Meyers was a candidate running against your deponent. Maureen Schwartz was Meyers' campaign manager. Both are affiliated with a private organization entitled "Preserve Ramapo" which touted Defendant Meyers as its

candidate for legislature. During this time, Defendant Meyers was the Deputy Mayor and Trustee of the Village of Airmont while Schwarz was a Trustee of the Village of Airmont. All other members of the Board supported Defendant Meyers' campaign. (See, Exhibit "D" as annexed to the complaint).

9.    On or about August 14, 2007, in an attempt to chill your deponent's exercise of free speech, Defendant Meyers commenced a defamation action against me in the Supreme Court State of New York, County of Rockland, allegedly based upon the content of certain political flyers. While motions for summary judgment by both parties were pending, Defendant Meyers' state action was discontinued with prejudice. Your deponent's Anti-SLAPP counter claim was likewise discontinued but the right to proceed in the instant action against all Defendants except Maureen Schwarz was specifically preserved. A true and correct copy of the complaint filed by Defendant Meyers' in that action is annexed hereto as Exhibit "C". A true and correct copy of the Stipulation of Discontinuance in the state Court action is annexed hereto as Exhibit "D". Consistent with this Stipulation, Plaintiff is circulating a Stipulation of discontinuing the Federal action against Ms. Schwarz only.

10.    On August 16, 2007, Maureen Schwarz sent an e-mail to your deponent identifying herself as campaign manager of the "Friends of Joe Meyers" and demanded that I remove campaign signs in the area at or about Wal-Mart shopping center, Route 59, Village of Airmont, New York. Mrs. Schwarz further directed your deponent to "remove the Wal-Mart signs by 5 p.m. today or we will remove them . . . and we will advise you where you can pick up such removed signs for placement elsewhere". (See, Plaintiff's

Complaint at para. 29 as admitted by the Defendants in their Answer). A true and correct copy of the subject email is annexed hereto as Exhibit "E".

11.    On or about August 26, 2007, your deponent was advised that Defendant Meyers directed the Ramapo Police Department to remove political signs supporting Plaintiff from the area on or about the Wal-Mart property, Route 59, Village of Airmont, New York.

12.    On or about September 9, 2007, approximately 60-70 political signs supporting your deponent were stolen within Legislative District 12, including signs that were posted within the Village of Airmont. A true and correct copy of the Ramapo Police Department Incident Report pertaining to this incident is annexed hereto as Exhibit "F".

13.    On or about September 18, 2007, Defendant Meyers defeated your deponent in the Democratic Primary for the 12th Legislative District of the County of Rockland, which includes the Village of Airmont, and the is the Democratic Candidate for the November 6, 2007 election.

14.    Subsequent to the September 18, 2007 Democratic Primary, your deponent continued to be a candidate for the 12th Legislative District of the County of Rockland, which includes the Village of Airmont, running as the Working Family and Conservative lines for the November 6, 2007 election.

15.    Your deponent was discouraged from posting signs earlier in the campaign by the threat of enforcement of the Village Code's unconstitutional provisions and the negative publicity resulting from same. Your deponent's voluntary compliance with the aforesaid unconstitutional provisions limited the time, duration, size and location of my

political signs. Your deponent lost both the Primary and General Elections to Defendant Meyers.

## THE VILLAGE CODE IS CONTENT-BASED

16.    The Village Code's provisions are content-based and single out political signs for differential treatment. True and correct copies of the pertinent provisions of the Village Code are annexed to the Plaintiff's Complaint at Exhibit "A".

17.    For example, the Village Code prohibits the posting of a political sign "within the Village more than 45 days prior to the nomination, primary, election or referendum to which it pertains" and has the effect of prohibiting posting of such political signs within the Village of Airmont for the remaining 320 days of the year. Village Code §210-64(D)(3). The Village Code places no such time restriction on non-political signs.

18.    The Village Code requires those desiring to post a political sign in the Village of Airmont to file an application for a temporary sign permit with the Building Inspector and pay the required fee, including security deposit. Village Code §210-64(A)(1). Certain other temporary signs are exempt from the permit requirement on the basis of content, including but not limited to, temporary real estate signs, temporary construction/renovation/repair signs, and temporary tax-exempt organization sign. Village Code §210-62(I), (L).

19.    The content based restrictions is further evidenced by comparing the 45 day limitation for political signs with a copy of a temporary sign permits issued by the Defendant Village to (1) Realty Team Corp. on July 12, 2007 which expires on July 12, 2008 for real estate purposes; (2) Blue Sky Realty on September 6, 2007 and expires on September 6, 2008 for real estate purposes; (3) Rodeo Realty, Inc., on October 10, 2007

and expires on October 10, 2008 for open house purposes; true and correct copies of which obtained from Defendants pursuant to a Freedom of Information Law Request are annexed to Plaintiff's Complaint collectively as Exhibit "B".

20.    The Village Code expressly requires a security deposit for political signs ($250) that is 150% greater than that required for temporary signs expressing other forms of speech ($100). Village Code §106-6(B).

21.    The Village Code fails to provide sufficient safeguards to ensure permit applications for political signs will be determined expeditiously.  Village Code §210-64(A)(1).

22.    The Village Code expressly restricts the size of political signs to 16 square feet in commercial zones and 8 square feet in residential zones while permitting posting of other certain temporary signs up to 30 square feet in commercial zones and 15 square feet in residential zones. Compare, Village Code §210-64(D)(5) and §210-62(I).  Other certain temporary signs are permitted up to a maximum of 36 square feet.  Village Code §210-62(L).

## DEFENDANTS' JULY 2007 AMENDMENT TO THE VILLAGE CODE IS CONTENT-BASED

23.    True and correct copies of the Village of Airmont Board of Trustees' Minutes from May 21, 2007 and July 23, 2007 as they appeared on Defendants' website are annexed to Plaintiff's complaint at Exhibit "C".

24.    The Village of Airmont Board of Trustees' Minutes from May 21, 2007 state as follows at page 3:

> **Political Signs-** A discussion regarding political signs took place.  Trustee Meyers stated political signs are allowed to be displayed 45 days prior to an election.  A number of signs have been placed around the Village that are political

in nature but not candidate oriented, such as the cell tower signs. Preserve
Ramapo has placed some signs but the code enforcer has been removing them
because they did not have a sign permit. When a representative of Preserve
Ramapo applied for the permit he was informed that signs could only be out 45
days before an election. There is some question as to what the definition of
political sign is…A public hearing will be scheduled at the next Village Board
meeting regarding clarification of the definition of a political sign. (See, Exhibit
"C" annexed to the Plaintiff's Complaint).

25.    Subsequently, on July 23, 2007, the Defendant Board adopted an
amendment to the political sign law changing the definition of "political sign" permitting
Preserve Ramapo to circumvent the 45 day time restriction otherwise applicable to
political signs. This amendment to the political sign law on July 23, 2007 is intentionally
content-based and further singles out certain political signs for differential treatment
based on a sign's message and view point. While intentionally serving a special interest
group (one which touted Defendant Meyers' as its candidate), the Board's amendment to
the political sign law on July 23, 2007 left the unconstitutional provisions of the Village
Code intact.

## DEFENDANTS' ENFORCEMENT OF THE
## VILLAGE CODE IS SELECTIVE AND CONTENT-BASED

26.    On September 25, 2007, the Defendant Roy Doherty issued a Violation
Notice alleging your deponent violated Village Code, Article VIII, §210-64(D)(5) which
states that no  political sign may exceed 16 square feet in a commercial district nor 8
square feet in a residential district; a true and correct copy of the Notice of Violation is
annexed hereto as Exhibit "G".

27.    The aforesaid Notice of Violation involved a political sign supporting your
deponent placed by on private property located at 222 Route 59, Village of Airmont,
County of Rockland, State of New York, and was prominently placed on the face of the

sign by Defendants so that all the public could see same. True and correct laser color photo copy of photographs taken by your deponent fairly and accurately depicting same are annexed hereto as Exhibit "H".

28. On or about October 9, 2007, an Appearance Ticket alleging Plaintiff violated the aforesaid provision was issued; a true and correct copy of which is annexed hereto as Exhibit "I". The ticket has since been dismissed.

29. Although your deponent personally observed other signs in the Village of Airmont which exceeded the size of mine, none were issued a notice of violations and/or appearance ticket on or before September 25, 2007. True and correct laser color photocopies of photographs taken by your deponent fairly and accurately depicting same together with your deponent's sign which was the subject of the violation are annexed hereto collectively as Exhibit "J". After the election, this violation was dismissed.

30. On or about October 26, 2007, your deponent was advised that Defendant Meyers was observed stealing a competing political sign from private property in the Village of Airmont. The Village Code expressly prohibits Village Officials from moving political signs. "without the order of a court of competent jurisdiction" Village Code §210-64(A)(3).

31. Based upon the foregoing facts and the attached memorandum of law, I respectfully submit that your deponent is entitled to summary judgment as a matter of law.

WHEREFORE, the Plaintiff respectfully ask for an Order granting summary judgment in favor of the Plaintiffs declaring that the subject Code provisions are content-based and unconstitutional; that Defendants' July 2007 amendment of the subject Code is

content based and unconstitutional; that Defendants' enforcement of the subject Code is

selective, content based and unconstitutional; and, granting such other further and

different relief as to the Court may seem just and proper.

PATRICK WITHERS

Sworn to before me this
4th day of June 2008

NOTARY PUBIC

BRIAN D. NUGENT
Notary Public, State of New York
No. 02NU6122161
Qualified in Rockland County
Commission Expires May 5, 2009