Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PATRICK WITHERS,

                                Plaintiff,

      -against-

THE VILLAGE OF AIRMONT, THE BOARD
OF TRUSTEES OF THE VILLAGE OF AIRMONT,
JOSEPH MEYERS AS DEPUTY MAYOR AND
TRUSTEE, MAUREEN SCHWARZ AS TRUSTEE,
AND ROY DOUGHERTY AS BUILDING CODE
INSPECTOR OF THE VILLAGE OF AIRMONT,
IN EACH OF THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES,

                              Defendants.
-------------------------------------------------------------x

**ANSWER**

07 CIV. 9674 (SCR)
ECF CASE
**JURY TRIAL DEMANDED**

       Defendants, Village of Airmont, The Board of Trustees of the Village of Airmont, Joseph Meyers as Deputy Mayor and Trustee, Maureen Schwarz as Village Trustee and Roy Dougherty as Building Code Inspector of the Village of Airmont, by their attorneys, LAW OFFICE OF THOMAS K. MOORE, answering the complaint, respectfully set forth upon information and belief:

## INTRODUCTION

      1.    Deny each and every allegation contained in paragraphs numbered "1" and "2" of the complaint, and refer all questions of law to this Honorable Court.

## JURISDICTION AND VENUE

      2.    Deny each and every allegation contained in paragraphs numbered "3" and "4" of the complaint, and refer all questions of law to this Honorable Court.

## PARTIES

      3.    Deny any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph numbered "5" of the complaint.

4.    Admit each and every allegation contained in paragraphs numbered "6", "7", "8", "9", and "10" of the complaint.

## FACTUAL BACKGROUND

5.    Admit each and every allegation contained in paragraphs numbered "11", "22" and "29". "30". "33", "36". "38", of the complaint.

6.    Deny any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs numbered "12", "23", "32", "34" and "40" of the complaint.

7.    Deny each and every allegation contained in paragraph numbered "13" of the complaint. and refer all questions of law to this Honorable Court.

8.    Deny each and every allegation contained in paragraphs numbered "14", "15", "16", "17", "18" "20", "21" and "24" of said complaint except as said provisions may otherwise reflect, and respectfully refer to said provisions at best evidence of their content, purport and intent.

9.    Deny each and every allegation contained in paragraphs numbered "19", "26" and "27", "31", "35", "39", "41" and "42" of the complaint.

10.    Deny each and every allegation contained in paragraph numbered "25" of the complaint except admit that defendant Meyers was a Preserve Ramapo candidate for County Legislature.

11.    Deny each and every allegation contained in paragraph numbered  "28" of the complaint, except admit that on or about August 14, 2007, Defendant Meyers commenced a defamation action against plaintiff Withers in the Supreme Court State of New York, County of Rockland.

12.    Deny each and every allegation contained in paragraph numbered "37" of the complaint except admit that the Notice of Violation involved a political sign supporting Plaintiff placed by on private property located at 222 Route 59, Village of Airmont, County of Rockland, State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## 42 U.S.C. SECTION 1983- UNITED STATES CONSTITUTION, AMENDMENT I

13.    Repeat and reiterate all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length.

14.    Deny each and every allegation contained in paragraphs numbered "44", "45', "46", "47", "48", "49", "50", "51", "52", "53", "54", "55" and "56" of the complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. SECTION 1983 – UNITED STATES CONSTITTION, AMENDEMENT XIV

15. Repeat and reiterate all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length.

16. Deny each and every allegation contained in paragraphs numbered "58", "59", "60", "61", "62", "63", "64" and "65" of the complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
## DECLATORY JUDGMENT

17. Repeat and reiterate all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length.

18. Deny each and every allegation contained in paragraph numbered "67", "68" and "69" of the complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NEW YORK STATE CONSTITUTION
## ARTICLE I. SECTION 8 – FREEDOM OF SPEECH

19. Repeat and reiterate all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length

20. Deny each and every allegation contained in paragraph numbered "71", "72" and "73" of the complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
## NEW YORK STATE CONSTITUTION
## ARTICLE I. SECTION 11 – EQUAL PROTECTION

21. Repeat and reiterate all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length

22. Deny each and every allegation contained in paragraph numbered "75", "76", "77" and "78" of the complaint.

## AS AND FOR A FIRST SEPARATE, AFFIRMATIVE AND COMPLETE
## DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
## THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
## UPON INFORMATION AND BELIEF:

23. That defendants are entitled to absolute immunity for actions taken in their legislative capacities.

**AS AND FOR A SECOND SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

24.    At all times relevant hereto, the defendants acted in accordance with all applicable laws, rules, regulations and statues of the State of New York and of the United States of America.

**AS AND FOR A THIRD SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

25.    Plaintiff alleges no action or inaction on the part of the defendants which would give rise to a claim pursuant to 42 U.S.C § 1983.

**AS AND FOR A FOURTH SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

26.    Any conduct alleged by the plaintiff is *de minimus* and insubstantial and, as such, the allegations fail to establish a claim under 42 U.S.C § 1983

**AS AND FOR A FIFTH SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

27.    Punitive damages are not recoverable against the municipality.

**AS AND FOR A SIXTH SEPARATE, AFFIRMATIVE AND COMPLETE
DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION,
THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE
UPON INFORMATION AND BELIEF:**

28.    Insofar as it appears that plaintiff seeks to impute liability to the municipal defendant simply because it is alleged to have employed one or more alleged constitutional tortfeasors, this action should be dismissed since the doctrine of *respondeat superior* is not available in an action brought pursuant to 42 U.S.C §1983.

### AS AND FOR A SEVENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE UPON INFORMATION AND BELIEF:

29.     If plaintiff suffered any injuries or damages, such injuries or damages were not the result of a pattern, practice, policy or custom of the municipality and were not the result of any action taken by defendants acting under color of state law.

### AS AND FOR A EIGHTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE UPON INFORMATION AND BELIEF:

30.     Plaintiff is not entitled to attorney's fees because he has not alleged any cognizable constitutional or federal claim.

### AS AND FOR A NINTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE UPON INFORMATION AND BELIEF:

31.     Plaintiff has failed to allege any claim pursuant to which they would be entitled to recover punitive damages from the named defendants.

### AS AND FOR A TENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE UPON INFORMATION AND BELIEF:

32.     To the extent plaintiff raises any state law claims, those claims are barred by virtue of plaintiffs' failure to comply with General Municipal Law § 50-e and § 50-i.

### AS AND FOR A ELEVENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THESE DEFENDANTS RESPECTFULLY SET FORTH AND ALLEGE UPON INFORMATION AND BELIEF:

33.     That if the plaintiff sustained any damages as alleged, such damages were caused by his own fault and negligence, and/or culpable conduct, wholly or partially.

WHEREFORE, each answering defendant demands judgment:

    (1)    Dismissing the complaint, and

    (2)    For costs, disbursements and attorney's fees against adverse parties.

Dated: White Plains, New York
       January 16, 2008

LAW OFFICE OF THOMAS K. MOORE

By: _____/s/_____
          BRIAN J. POWERS (BP-1992)
Attorneys for Defendants
THE VILLAGE OF AIRMONT, THE BOARD
OF TRUSTEES OF THE VILLAGE OF AIRMONT,
JOSEPH MEYERS AS DEPUTY MAYOR AND
TRUSTEE, MAUREEN SCHWARZ AS TRUSTEE,
AND ROY DOUGHERTY AS BUILDING CODE
INSPECTOR OF THE VILLAGE OF AIRMONT
Office & P.O. Address
701 Westchester Avenue - Suite 101W
White Plains, New York  10604
(914) 285-8500

TO:

CONDON RESNICK, LLP
Attorneys for Plaintiff
96 South Broadway
Nyack, New York  10960
(845) 358-8900

Exhibit C

Recorded: 08/14/2007
Fee Amt: $210.00 Page 1 of
Rockland County, NY
Paul Piperato County Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

**SU-2007-07321**

------------------------------------------------X

JOSEPH MEYERS,                              SUMMONS
8 South Post Lane
Airmont, NY 10952

*filed 8/14/2007*
*Rockland county Clerk's office*

                            Plaintiff,

    -against-

PATRICK WITHERS AND
FRIENDS OF PATRICK WITHERS          Venue is based on plaintiff's residence
32 Orange Avenue
Suffern, NY 10901                            The plaintiff designates Rockland
                            County as the place for trial.
                            Defendants.

------------------------------------------------X

To The Above Named Defendants:

   ***You Are Hereby Summoned*** to answer the complaint in this action and to serve
a copy of your answer, or if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: August 13, 2007
       Suffern, New York

                            John M. Schwarz, Jr.
                            Attorney for Plaintiff
                            103 Washington Avenue
                            Suffern, New York 10901
                            845/357-7700

John M. Schwarz, Jr.••103 Washington Avenue, Suffern, NY 10901••845/357-7700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

------------------------------------------------------------X

JOSEPH MEYERS,

                                        Plaintiff,

        -against-


PATRICK WITHERS and
FRIENDS OF PATRICK WITHERS,

                                        Defendants.

------------------------------------------------------------X

Index # S U - 2007 - 07321

COMPLAINT

## FILED BH

AUG 1 4 2007

ROCKLAND COUNTY
CLERK'S OFFICE

        The plaintiff complaining of the defendants alleges upon information and belief as follows:

        1. The plaintiff, Joseph Meyers, also known as Joe Meyers, resides at 8 South Post Lane, Airmont, NY.

        2. The defendant, Patrick Withers resides at 11 Foxwood Lane, Suffern, NY.

        3. The defendant, Friends of Patrick Withers, is a fictitious name created by the defendant, Patrick Withers, with an address of 32 Orange Avenue, Suffern, NY.

        4. That the plaintiff, Joseph Meyers, and the defendant, Patrick Withers are both democratic party candidates for Rockland County Legislator District #12.


AS AND FOR A FIRST CAUSE OF ACTION

        5. That the defendants, Patrick Withers and Friends of Patrick Withers, have used the US Mail to circulate materially false literature concerning their opposition candidate, Joseph Meyers.

        6. That on or about August 10, 2007, the defendants, Patrick Withers and Friends of Patrick Withers, mailed a political flyer to registered Democrats in Rockland County District

John M. Schwarz, Jr. • 103 Washington Avenue, Suffern, NY 10901 • 845/357-7700

#12.

That the flyer contains several materially false statements concerning Joe Meyers.

"Soon you'll be able to see Joe Meyers' record on over development whenever you drive down Route 59..." [front of flyer]

"Now Joe has sanctioned the construction of a behemoth 120-foot cell phone tower"         [back of flyer]

The defendants cite the "minutes of Airmont Village Board, Planning Board and Zoning Board of Appeals, 2002 – Footnote #2 of the Flyer in support of the statement.

6. Such statements are materially false. There is no cell phone tower proposed in the Village of Airmont on Route 59.

7. The defendants statements were false and intended expose the plaintiff to public contempt, ridicule, aversion or disgrace. That said false statements were made with the intent to injure the plaintiff's reputation in the community.

AS AND FOR A SECOND CAUSE OF ACTION

8. That the defendants, Patrick Withers and Friends of Patrick Withers, have used the US Mail to circulate materially false literature concerning their opposition candidate, Joseph Meyers.

9. That on or about August 7, 2007, the defendants, Patrick Withers and Friends of Patrick Withers, mailed a political flyer to registered Democrats in Rockland County District #12.

10. Said political flyer states that at a September 25, 2006, the Village of Airmont Board

John M. Schwarz, Jr. · 103 Washington Avenue, Suffern, NY 10901 · 845/357-7700

of Trustees meeting] that

> "As Trustee, [Joe Meyers] approved a massive 120 ft. cell-
> Frankentower that will destroy the historic look of our community
> and endanger the health of our families-Airmont Village Board
> Minutes, 9/25/06".

11.  The minutes from the 9/25/06 Village of Airmont Board of Trustees do not reveal

that a cell tower was approved on such date.  The plaintiff Joe Meyers has never approved any

cell towers in the Village of Airmont.

12.  The minutes from the 9/25/06 Village of Airmont Board reveal that at the

aforementioned time the Village of Airmont had a building moratorium in effect.

13.  The defendants statements were false and intended expose the plaintiff to public

contempt, ridicule, aversion or disgrace.  That said false statements were made with the intent to

injure the plaintiff's reputation in the community.

## AS AND FOR A THIRD CAUSE OF ACTION

14.  That the defendants, Patrick Withers and Friends of Patrick Withers, have used the

US Mail to circulate materially false literature concerning their opposition candidate, Joseph

Meyers.

15.  That on or about August 7, 2007, the defendants, Patrick Withers and Friends of

Patrick Withers, mailed a political flyer to registered Democrats in Rockland County District

#12.

John M. Schwarz, Jr.--103 Washington Avenue, Suffern, NY 10901--845/357-7700

16. That in a political flyer mailed on approximately August 7, 2007, the defendants state that:

> "As trustee, the building moratorium was lifted, effectively handing Airmont over to the developers - Minutes of Airmont Village Board, 5/1/06, 6/5/06 and 9/25/06."

17. That above statement is materially false.

18. The minutes of the aforementioned Village of Airmont Board of Trustees meetings of May 1, 2006, June 5, 2006 and September 25, 2006 do not state that the Village of Airmont building moratorium was lifted. The moratorium law contains a provision to allow the Board of Trustees to consider hardship applications for a dispensation from the moratorium law

19. Since February, 2006, the Village of Airmont Board of Trustees has granted a few such applications for dispensation from the moratorium law which permit the applicant to apply for a building permit and site plan approval through the Village of Airmont Planning Board and proceed with the normal and rigorous application and planning process.

20. The building moratorium was not lifted and has remained continuously in effect through and including the date of this complaint.

21. The defendants statements were false and intended expose the plaintiff to public contempt, ridicule, aversion or disgrace. That said false statements were made with the intent to injure the plaintiff's reputation in the community.

## AS AND FOR A FOURTH CAUSE OF ACTION

22. That the defendants, Patrick Withers and Friends of Patrick Withers, have used the US Mail to circulate materially false literature concerning their opposition candidate, Joseph

Meyers.

23. That on or about August 7, 2007, the defendants, Patrick Withers and Friends of Patrick Withers, mailed a political flyer to registered Democrats in Rockland County District #12.

24. That in a political flyer mailed on approximately August 7, 2007, the defendants state that:

> [Joe Meyers] "as trustee, the number of zoning variances granted doubled- adding to the over development of our communities- Minutes of Zoning Board of Appeals, 2002-Present"

25. The plaintiff does not serve on the Airmont Village Zoning Board of Appeals and never has served on such body.

26. The defendants knew or should have known before making such an assertion to the public and Democrats registered in Rockland County District #12 that the plaintiff does not serve on the Village of Airmont Zoning Board of Appeals.

27. The above statement was materially false; and, further the zoning variances granted by the Village of Airmont Zoning Board of Appeals have not doubled from the time prior to the plaintiff having been appointed to the Village of Airmont Board as Trustee to the present.

28. The defendants statements were false and intended expose the plaintiff to public contempt, ridicule, aversion or disgrace. That said false statements were made with the intent to injure the plaintiff's reputation in the community.


AS AND FOR A FIFTH CAUSE OF ACTION

29. That the defendants, Patrick Withers and Friends of Patrick Withers, have used the

John M. Schwarz, Jr.··103 Washington Avenue, Suffern, NY 10901··845/357-7700

US Mail to circulate materially false literature concerning their opposition candidate, Joseph

Meyers.

30. That on or about August 7, 2007, the defendants, Patrick Withers and Friends of

Patrick Withers, mailed a political flyer to registered Democrats in Rockland County District

#12.

31. That in a political flyer mailed on approximately August 7, 2007, the defendants state

that:

> "As trustee, 90% of all development proposals were approved.
> The developers certainly had a friend in Joe Meyers. - Minutes of
> Airmont Village Board, Planning Board and Zoning Board of
> Appeal, 2002-Present."

32. The plaintiff does not serve on the Airmont Village Planning Board and never has

served on such body.

33. The defendants knew or should have known that such statement was materially false

before making such an assertion to the public and Democrats registered in Rockland County

District.

34. The defendants statements were false and intended expose the plaintiff to public

contempt, ridicule, aversion or disgrace. That said false statements were made with the intent to

injure the plaintiff's reputation in the community.

35. The above statements were made without privilege or authorization to a third party,

constituting fault as judged by, at a minimum, a negligence standard, and which either causes

special harm or constitutes defamation per se.

John M. Schwarz, Jr. - 103 Washington Avenue, Suffern, NY 10901 - 845/357-7700

36. By reason of the foregoing, the plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

**WHEREFORE,** plaintiff demands Judgment against defendants in amount that exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction, together with interest from the median date of 8/1/07, and the costs and disbursements of this action.

Dated: August 13, 2007
Suffern, NY

John M. Schwarz, Jr.
Attorney for Plaintiff
103 Washington Avenue
Suffern, New York 10901
845/357-7700

## VERIFICATION

State of New York,  County of New York) ss.:

    Joseph Meyers, being duly sworn says:

    I am the plaintiff in the attached complaint.   I have read the complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

    X_____
          Joseph Meyers

Sworn to before me on
August 13th, 2007

_____
NOTARY PUBLIC

JOHN M. SCHWARZ
NOTARY PUBLIC, State of New York
No. 02SC5015540
Qualified in Rockland County
Commission Expires June 28, 2011

John M. Schwarz, Jr. • 103 Washington Avenue, Suffern, NY 10901 • 845/357-7700

Exhibit D

Index-BJL   jD-NOI

APR - 1 2008

Motion-Cross  SOS-S/Disc

Fee Pd $ ___35___

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-------------------------------------------X

JOSEPH MEYERS,                                    Index No. 7321/07

        Plaintiff,

    -against-

PATRICK WITHERS and                    **STIPULATION OF**
FRIENDS OF PATRICK WITHERS,            **DISCONTINUANCE**   FILED SS
                                       **WITH PREJUDICE**
                                                           APR - 4 2008
        Defendants.
                                                       ROCKLAND COUNTY
-------------------------------------------X            CLERK'S OFFICE

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned and

the attorneys of record for all the parties to the above-entitled actions, whereas no party hereto is an

infant or incompetent person for whom a committee has been appointed and no person not a party

has an interest in the subject matter of the action as follows:

    1. Plaintiff's action against Defendant in the above-entitled action be, and the same

hereby is discontinued with prejudice without costs, disbursements, attorney fees or other expenses

sought by one party against the other party;

    2. Defendant's counter-claim alleging an Anti-SLAPP action against the Plaintiff in the

above-entitled action be, and the same hereby is discontinued with prejudice;

    3. Defendant's discontinuance of the counter-claim alleging an Anti-SLAPP action

against the Plaintiff in the above-entitled action is completely separate, distinct, and apart from and

shall not have any effect, including but not limited to any collateral estoppel or res judicata effect

or other binding legal effect, upon the allegations and causes of action set forth in the matter entitled

Patrick Withers v. Village of Airmont, et al, currently pending in the United States District Court,

Southern District of New York, Civ. No. 07-9674 (SCR) (the "Federal Court Action"). It is

understood that the settlement of this action above-captioned is without prejudice to any and all claims in the Federal Court Action.

4. Upon filing of a completely executed stipulation with the Court, Defendant will cause to be filed a discontinuance as against Maureen Schwarz as Trustee in her individual and official capacities only in the matter entitled Patrick Withers v. Village of Airmont, et al, currently pending in the United States District Court, Southern District of New York, Civ. No. 07-9674 (SCR).

For the purposes of this Stipulation, facsimile signatures shall be deemed as originals.

Dated: Nyack, New York
March 25, 2008

RYAN & SCHWARZ, LLP
By: _____
John M. Schwarz, Jr.
*Attorneys for Plaintiff*
103 Washington Avenue
Suffern, New York 10901
(845) 357-7700

CONDON RESNICK, LLP
By: _____
Brian K. Condon
*Attorneys for Defendants*
96 South Broadway
Nyack, New York 10960
(845) 358-8900

Exhibit E

Date:    Thu, 16 Aug 2007 12:50:12 -0700 (PDT)

From:    "Pat Withers" <patwithers32@yahoo.com>

Subject: Re: Signs - Pat Withers

To:      Mlschwarz1@aol.com

Maureen,

Thank you for your e-mail. I'm not surprised that real estate developers and others with special interests before the Village of Airmont have felt pressured to take your campaign signs. I trust that you will not threaten any of my supporters with retaliatory governmental action simply because they do not share your point of view.

First, your campaign has no right to remove any of my campaign signs, unless they are on property owned by your campaign. If you have an exclusive agreement with a property owner (which I'll assume is in writing), then it is the province of the property owner to remove any unauthorized signs from its premises. Your campaign is not the property owner and if your campaign removes any signs of the Pat Withers campaign, the appropriate complaints will be filed with the Board of Elections and local police. Further, any damage or loss incurred by the actions of your campaign in unlawfully removing signs will be the responsibility of your campaign and/or the individuals engaged in the unlawful removal of signs.

Second, certain of our campaign signs are in public rights of way, for which we have lawful authority to post temporary signs. As to the means and methods of posting campaign signs, I appreciate your input and expertise, but I'm well aware of my posting responsibilities.

Our campaign intends to protect our First Amendment rights to the fullest extent permitted by law, and we will not be succumb to threats, coercion or other tactics employed against us.

Have a great summer!

Pat

ORIGINAL MESSAGE:
Hi Pat: I am Maureen Schwarz, Campaign Manager of Friends of Joe Meyers. I wanted to send you this e-mail about certain issues relating to signs and other matters. First, you do **not** have permission to place signs at the Walmart Shopping Center. Our campaign has exclusive signage rights from the property owner by reason of Joe and Dennis' history of community service in Airmont. Joe, Dennis and the property owner have worked together on Airmont Day, code violation issues, and rubbish removal issues along Route 59 and, again, our campaign has been granted exclusive signage rights at that shopping center. Please remove your signs by the close of business today (5pm) or your signs will be removed by our campaign and placed in a pile by the bushes across from the cemetery so that you can place them in other areas where you have permission to do so. I am writing this e-mail to you as a courtesy. Our campaign does not remove an opponent's signs unless they are placed on property where permission has not been granted by the property owner.
A few more words about signs. Let's not get too crazy. Signs are ugly and ruin the aesthetics of our community. They do not win elections. That is why we decided not to put any out until you did. Even so, we considered waiting until two weeks before the election so as not to ruin the beauty of our community. Yet we acknowledge that for both you and us, supporters like to see signs and it reminds people there is an election coming up. There is no need to have 10 signs in either direction on the corner of Airmont Road by the diner. While

Dino allows anyone to put signs there, let's keep it tasteful. Two signs for each of us facing each of the two directions should be sufficient. We will remove all of our signs at that corner except two in each direction. Please do the same for good taste purposes. Also, please do not place signs so close to ours as to obscure motorists from seeing our signs. That is not nice or dignified behavior. Leave a reasonable amount of room between our signs and yours. There is no need to panic as apparently someone from your campaign did this morning when they realized that we had started to put out our signs and that we had rights to place big signs in certain locations.

Let's try to remain dignified and tasteful. We all live in this community and will continue to live together in this community after the election.

If your campaign could return to positive themes that would be good also. We realize your strategy is your own but we will not tolerate lies or deception and you should not tolerate that in your campaign either. It's still your reputation on the line and you are a member of this community, as we all are. Again, we urge good taste, fair dealing and accuracy. Then the winner in September and November will truly have earned the public's respect and mandate.

Thank you and again, please remove the Walmart signs by 5pm today or we will remove them and place them as indicated. We have no desire to cause your campaign any expense by destroying or defacing your signs. We will alert you by e-mail whenever a sign is removed for reasons of unauthorized placement and we will advise you where you can pick up such removed signs for placement elsewhere.

We do hope that time is not wasted in this campaign by the petty removal or defacing of an opponent's signs. Such behavior will only be time-consuming and stressful for both sides and will not change the result of the election in any case. We have hundreds of volunteers and extensive resources- due to community support- and are prepared to respond appropriately to any attack or misconduct by the other side.

Please reply to this e-mail to acknowledge receipt. Nevertheless, we will act on this e-mail regardless of whether receipt is acknowledged.

Maureen Schwarz
Campaign Manager
Friends of Joe Meyers

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by return e-mail and destroy all copies of the original message.

Moody friends. Drama queens. Your life? Nope! - their life, your story.
Play Sims Stories at Yahoo! Games.

Exhibit F

| 7. Report Day | 8. Date | | 9. Report Time | Occurred On/From | 10. Day | 11. Date | | 12. Time | Occurred To | 13. Day | 14. Date | | 15. Time |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sun | Sep | 9 2007 | | | | | 9 | | | | | 2007 | 03:00 |

| 16. Incident Type | | 17. Business Name | | 18. Weapon(s) | A. |
|---|---|---|---|---|---|
| LARCENY | | | | | |

| 19. Incident Address(Street No.,Street Name,Bldg. No.,Apt. No.) | | 20. City,State,Zip(☐C ☐T ☐V) | 21. Location Code | B. |
|---|---|---|---|---|
| 11 FOXWOOD AVE | | SUFFERN | 4429 | |

| | | | | | | | | | | | 23. No. of Victims | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PL | 155.25 | - | A | M | O | PETIT LARCENY | | 1 | | C. |
| 2 | | | | | | | | | | | |
| 3 | | | | | | | | | 24. No. of Suspects | | D. 01 |

| | | 26. Victim also complainant ☐Y ☒N | E. |
|---|---|---|---|

| NAME(LAST,FIRST,MIDDLE) | D.O.B. | ADDRESS(STREET NAME,BLDG.NO. AND APT.NO.,CITY,STATE,ZIP) | TELEPHONE NO. | |
|---|---|---|---|---|
| WITHERS, PATRICK J | 01/11/1971 | 11 FOXWOOD AVE SUFFERN, NY 10901- | BUS | F. |
| | | | RES. (845)368-3232 | |
| | | | BUS | G. |
| | | | RES. | |
| | | | BUS | H. |
| | | | RES. | |
| | | | BUS | I. |
| | | | RES. | |

| 27. Date of Birth | 28. Age | 29. Sex ☐M ☐F ☐U | 30. Race ☐White ☐Black ☐Other ☐Indian ☐Asian ☐Unk. | 31. Ethnic ☐Hispanic ☐Unk. ☐Non-Hispanic | 32. Handicap ☐Yes ☐No | 33. Residence Status ☐Resident ☐Tourist ☐Commuter☐Military | Temp.Res.-Foreign Nat.. ☐Student ☐Other. ☐Homeless ☐Unk/Not Indicated | J. |
|---|---|---|---|---|---|---|---|---|
| / / | | | | | | | | |

34. Victim DID receive information on Victim's Rights and Services pursuant to New York State Law ☐Yes ☐No

| 35.Type/No | 36.Name(Last,First,Middle) | 37.Alias/Nickname/Maiden Name(Last,First,Middle) | 38. Apparent Condition ☐Impaired Drugs ☐Mental Dis ☐Unk. ☐Impaired Alco ☐Ini/Ill ☐App Norm. | K. |
|---|---|---|---|---|
| | | | | |

| 39.Address(Street No.,Street Name,Bldg.,No., City.,State,Zip) | 40.Phone Res: Bus.: | 41. Social Security No. | L. |
|---|---|---|---|
| | | | |

| 42. Date of Birth | 43. Age | 44. Sex ☐M ☐F ☐U | 45. Race ☐White ☐Black ☐Other ☐Indian ☐Asian ☐Unk. | 46. Ethnic ☐Hispanic ☐Unk. ☐Non-Hispanic | 47. Skin ☐Light ☐Dark ☐Unk. ☐Medium ☐Other | 48. Occupation | M. |
|---|---|---|---|---|---|---|---|
| / / | | | | | | | |

| 49.Height | 50. Weight | 51. Hair | 52. Eyes | 53. Glasses ☐Yes ☐Contacts. ☐No | 54. Build ☐Small ☐Large ☐Medium | 55.Employer/School | 56. Address | N. |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| 57. Scars/Marks/Tattoos(Describe) | 58. Misc. | |
|---|---|---|
| | | X |

| Victim/ Suspect No. | Property Status | Property Type | Quantity/ Measure | Maker/ Part Type | Model | Serial No. | Description | Value | |
|---|---|---|---|---|---|---|---|---|---|
| | | 49 | 0.000 | | | | CAMPAIGN SIGNS | | X |
| | | | | | | | | | X |
| | | | | | | | | | X |

| 60. Vehicle Status | 61. License Plate No | | 62. State | 63. Exp. Yr. | 64. Plate Type | 65. Value | X |
|---|---|---|---|---|---|---|---|
| | | Full ☐ Partial ☐ | | | | | |

| 66. Veh. Yr. | 67. Make | 68. Model | 69. Style | 70. VIN. | X |
|---|---|---|---|---|---|

| 71. Color(s) | 72. Towed By: To: | 73. Vehicle Notes | 7 |
|---|---|---|---|

74.
PO Fennessey t/d: On the above date and time Pat Withers entered this station to
report that an unknown party(s) had taken approximately 60 - 70 campaign signs
that belong to the Withers' campaign. Two of these signs were taken from the
front lawn of his residence. He advised us that he believes the signs were
taken on today's date between the hours of 0001 - 0300 hours. Withers stated at
no time did he give anyone permission and/or authority to remove his signs. He
also advised that he had received a suspicious email from Maureen Schwarz,
campaign manager for the friends of Joe Meyers. Withers stated he was concerned
with this email. Schwarz stated in the email sent to Withers that he has to
remove his signs by 5pm (close of the business day) or his signs will be removed
by their campaign. According to the email the area which they stated they

| 75.Inquiries(Check all that apply). ☐DMV. ☐Want/Warrant. ☐Scofflaw ☐Crim. History ☐Stolen Property ☐Other | 76. NYSPIN Message No. | 77. Complainant Signature | | |
|---|---|---|---|---|
| 78. Reporting Officer Signature(Include Rank) 140 PTL FENNESSEY | 79. ID No | 80. Supervisor's Signature(include Rank) | 81. ID No | 85. 1 Page of. 2 Pages |
| 82. Status ☐Open ☐Closed(if Closed, check box below). ☐Unfounded ☐Vict. Refused to Coop. ☐Arrest ☐Pros. Declined ☐Warrant Advised ☐CBI ☐Juv. - No Custody ☐Arrest-Juv. ☐Offender Dead. ☐Extrad. Declin ☐Unknown | | 83. Status Date | 84. Notified/TOT | |

==========================================================================

### ADDITIONAL NARRATIVE

==========================================================================

wanted the signs removed from was the Wallmart shopping center located in the
town of Ramapo.  Withers also advised that his signs were taken from other areas
 in the town of Ramapo.  Withers stated that he was going to file a report with
the Ramapo Police Dept. and the NYS Board of Elections.   The approximate value
of the campaign signs is between $500-$700.

Exhibit G

**Village of Airmont**
321 Route 59 - P.O. Box 508
Airmont, New York 10982
(845) 369-8813

# VIOLATION
# NOTICE

Date _9/25/07_

Location _VILLAGE OF AIRMONT_

TO _PAT WITHERS_

Address _32 ORANGE AVE, SUFFERN NY 10901_ Phone _____

The following violation(s) of Local Law _210-64D-5_ were noted on your property upon inspection this _25th_ day of _SEPTEMBER_ 20_07_

_NO POLITICAL SIGN MAY EXCEED 16 SQUARE FEET IN A COMMERCIAL DISTRICT_

All violations noted shall be corrected immediately. A reinspection of the above referenced violation(s) will be conducted in _3_ days from this notice. If not corrected by reinspection date, a summons answerable in Justice Court for the Village of Airmont may be issued.

_____
Building Code Inspector