UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PATRICK WITHERS,

   Plaintiff,

                                     ECF CASE

         -against-                      Civ. No.07-9674(SCR)

THE VILLAGE OF AIRMONT, THE BOARD
OF TRUSTEES OF THE VILLAGE OF AIRMONT, JOSEPH
MEYERS AS DEPUTY MAYOR AND TRUSTEE, MAUREEN
SCHWARZ AS TRUSTEE, AND ROY DOUGHERTY AS
BUILDING CODE INSPECTOR OF THE VILLAGE OF
AIRMONT, IN EACH OF THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES,

   Defendants.

------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW

                                            Respectfully submitted,

                                            CONDON & RESNICK, LLP
                                            Attorneys for Plaintiff
                                            Office and Post Office Address
                                            96 South Broadway
                                            South Nyack, New York 10960
                                            Tel: (845) 358-8900
                                            Fax: (845) 358-8901

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ...............................................................................................................2

    A. Content Based Time Limitation ......................................................................2

    B. Content Based "Security Deposit" ..................................................................4

    C. Content Based Size Limitation........................................................................5

    D. Unbridled Discretionary Authority .................................................................6

CONCLUSION ............................................................................................................7

## TABLE OF AUTHORITIES

Page

**Cases**

Beal v. Stern,
   184 F.3d 117, 127 (2d Cir.1999) .................................................................................. 6

Christensen v. City of Wheaton,
   No. 99 C 8426, 2001 WL 214202, at *2 (N.D. Ill. Feb. 27, 2001) ................................ 3

Clear Channel Outdoor, Inc. v. Town Bd. of Town of Windham,
   352 F.Supp.2d 297 (NDNY 2005 ............................................................................ 4, 5

Curry-Prince George's County, Maryland,
   33 F.Supp.2d 447, 455 (D.Md.1999) ............................................................................ 3

Forsyth County, GA v. Nationalist Movement,
   505 U.S. 123, 135, 112 S.Ct. 2395, 120 L.Ed.2d 101 ................................................ 2,4

FW/PBS, Inc. v. City of Dallas,
   493 U.S. 215, 227, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) ......................................... 6

Gooding v. Wilson,
   405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); .................................................. 4

Knoeffler v. Town of Mamakating,
   87 F.Supp.2d 322, 333 ................................................................................................... 3

McIntyre v. Ohio Elections Comm'n,
   514 U.S. 334, 346, 115 S.Ct. 1511, 131 L.E2d 426 (1995) ........................................... 2

Mills v. Alabama,
   384 U.S. 214, 218, 86 S.Ct. 1434, 16 LEd.2d 484 (1966)). .......................................... 2

Regan v. Time, Inc.,
   468 U.S. 641, 648-49, 104 S.Ct. 3262, 82 L.Ed.2d 487 (1984)). .................................. 2

Sugarman v. Village of Chester,
   192 F.Supp.2d. 282 (S.D.N.Y. 2002) .................................................................. 3,4,5,6

Terminiello v. Chicago,
   337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949)) .......................................................... 4

<u>Whitton v. City of Gladstone, Missouri,</u>
   54 F.3d 1400, 1405 (8th Cir. 1995) .................................................................... 3

**Other Authorities**

Village Code §106-6(B) ........................................................................................ 4
Village Code §210-62(I) ....................................................................................... 5
Village Code §210-62(L) ...................................................................................... 5
Village Code §210-64(A)(1) ................................................................................. 6
Village Code §210-64(D)(3) ................................................................................. 2
Village Code §210-64(D)(5) ................................................................................. 5

**Rules**

Rule 56 of the Fed.R.Civ.P. ............................................................................. 1,7

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support of Plaintiff, Patrick Wither's motion pursuant to Rule 56 of the Fed.R.Civ.P. for an Order granting summary judgment in favor of the Plaintiff upon the grounds that there are no factual issues in dispute and that judgment must be granted as a matter of law because the Code of the Village of Airmont, New York ("Village Code") herein unlawfully singles out political signs based on content; the Village Code vests unbridled discretion with respect to the grant or denial of a sign permit to municipal policymakers and does not guarantee an expeditious grant or denial of permit applications; and, Defendants' enforcement of the Village Code was selective and content-based.

The Court is respectfully referred to the accompanying affidavits, exhibits and Local Rule 56.1 statement for a full recitation of the facts herein.

## ARGUMENT

## THE VILLAGE CODE UNCONSTITUTIONALITY VIOLATES POLITICAL FREE SPEECH AND FREE ASSOCIATION

It is well settled that political speech is entitled to the highest form of protection under the Free Speech Clause of the First Amendment. See, McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 346, 115 S.Ct. 1511, 131 L.E2d 426 (1995). ("[T]here is practically universal agreement that a major purpose of [the First] Amendment was to protect the free discussion of governmental affairs, of course includ[ing] discussions of candidates.") (quoting Mills v. Alabama, 384 U.S. 214, 218, 86 S.Ct. 1434, 16 LEd.2d 484 (1966)). Moreover, "[the Supreme] Court has held time and time again: 'Regulations which permit the government to discriminate on the basis of the content of the message cannot be tolerated under the First Amendment.'" Forsyth County, GA v. Nationalist Movement, 505 U.S. 123, 135, 112 S.Ct. 2395, 120 L.Ed.2d 101(quoting Regan v. Time, Inc., 468 U.S. 641, 648-49, 104 S.Ct. 3262, 82 L.Ed.2d 487 (1984)). Plaintiff now moves for summary judgment on the grounds that Defendants' Code violates the First Amendment through content-based regulation and grants excessive discretion to municipal officials to interfere with Plaintiffs' political association.

A.   Content Based Time Limitation

The Village Code prohibits the posting of a political sign "within the Village more than 45 days prior to the nomination, primary, election or referendum to which it pertains" and has the effect of prohibiting posting of such political signs within the Village of Airmont for the remaining 320 days of the year. Village Code §210-64(D)(3). The Village Code places no such time restriction on non-political signs.

Moreover, on May 21, 2007, Defendant Board Minutes confirm that Defendant Meyers raised the issue of amending the Village Code's definition of "political sign" for the purpose of permitting a specific political viewpoint, Preserve Ramapo, to circumvent the 45 day limitation. See, Defendant Board Minutes of May 21, 2007 at Exhibit "C" as annexed to the Complaint. Notably, Defendant Meyers was a Preserve Ramapo candidate for County Legislator at that time and that year. See, Exhibit "D" as annexed to Complaint. On July 23, 2007, this proposed amendment became law. See, Defendant Board Minutes of July 23, 2007.

This issue was previously decided in Sugarman v. Village of Chester, 192 F.Supp.2d. 282 (S.D.N.Y. 2002). In Sugarman, Judge Conner considered a similar Code provision with a sixty day durational limit as to political signs. In that case, the Court ruled as follows at page 297:

> Content-based "durational limits on signs have been repeatedly declared unconstitutional." Knoeffler, 87 F.Supp.2d at 333; See, also Whitton v. City of Gladstone, Missouri, 54 F.3d 1400, 1405 (8th Cir. 1995) (declaring defendant's ordinance unconstitutional because "the durational limitations which are applicable only to political signs is a content-based restriction"); Christensen v. City of Wheaton, No. 99 C 8426, 2001 WL 214202, at *2 (N.D. Ill. Feb. 27, 2001) (reaffirming prior opinion that the "political sign provision...was content based and the 30 day durational limitation in the ordinance clearly restricted [plaintiff's] political speech in violation of his First Amendment rights"); Curry-Prince George's County, Maryland, 33 F.Supp.2d 447, 455 (D.Md.1999) (holding the defendant's ordinance "unconstitutional insofar as it imposes durational limits with respect to political signs posted by individuals on or about their private residences"). The Hamptonburgh durational limitation is content-based in that it restricts the posting period of signs relating to certain events. Therefore, plaintiff's motion for summary judgment is granted with respect to durational limitation.

Because the Village Code provision is a content based durational limit on Free Speech and Free Association, it too must be declared unconstitutional. See also, Clear Channel Outdoor, Inc. v. Town Bd. of Town of Windham, 352 F.Supp.2d 297 (NDNY 2005)("The content-based differential treatment that places additional durational restrictions on only some temporary signs renders that provision unconstitutional").

B.  Content Based "Security Deposit"

The Village Code expressly requires a security deposit for political signs ($250) that is 150% greater than that required for temporary signs expressing other forms of speech ($100). Village Code §106-6(B).  "Speech cannot be financially burdened, any more than it can be punished or banned..." Forsyth County, GA, 505 U.S. at 135 (citing Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); Terminiello v. Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949)). In Forsyth County, GA, supra, the Supreme Court held that that the subject ordinance's content-based fee requirement was unconstitutional.  Similarly, in the instant case, the Village Code's content-based financial requirements for temporary signs must be declared unconstitutional.

It is anticipated that Defendants will attempt to justify their content based fee schedule based upon Judge Conner's decision as to Greenwood Lake's fee schedule in Sugarman v. Village of Chester, 192 F.Supp.2d. 282. However, the Village Code here is distinguishable from the Greenwood Lake fee schedule in Sugarman which provided a fee exclusion solely for institutions serving the public interest.  In finding that this distinction was acceptable under the First Amendment, Judge Conner noted that "[a] municipality is entitled to proved preferential treatment to institutions serving the public

interests, whether it be favorable tax status or waiving sign permit fees." This is not the case here where the Village Code treats political speech differently from *all* other kinds of speech in the provision at issue.

Because the Village Code provision is a content based financial imposition on Free Speech, it too must be declared unconstitutional.

C.    Content Based Size Limitation

The Village Code expressly restricts the size of political signs to 16 square feet in commercial zones and 8 square feet in residential zones while permitting posting of other certain temporary signs up to 30 square feet in commercial zones and 15 square feet in residential zones. Compare, Village Code §210-64(D)(5) and §210-62(I). Other certain temporary signs are permitted up to a maximum of 36 square feet. Village Code §210-62(L). "Such a regulation is content based as one must read the sign to determine whether the durational and size limits apply." Clear Channel Outdoor, Inc. v. Town Bd. of Town of Windham, 352 F.Supp.2d 297 (NDNY 2005).

While the Village Code here is distinguishable from the Greenwood Lake ordinance found acceptable in Sugarman, supra, where *all* temporary signs were treated uniformly, it is comparable to the Village of Warwick ordinance invalidated therein. More particularly, Judge Conner invalidated as content based the Village of Warwick ordinance, which exempted political signs from permit requirements provided that they met durational and size limitations, but exempted other classes of noncommercial signs from permit requirements without imposing such limitations. Sugarman, 192 F.Supp.2d. at 300.

5

Because the Village Code provisions are content based size limitations on Free Speech, it too must be declared unconstitutional.

D. Unbridled Discretionary Authority

The Village Code fails to provide sufficient safeguards to ensure permit applications for political signs will be determined expeditiously. Village Code §210-64(A)(1).

This issue also has previously been decided in Sugarman v. Village of Chester, 192 F.Supp.2d. at 295-296. In Sugarman, Judge Conner considered a similar Code provision which did not guarantee an expeditious grant or denial of permit applications. In that case, the Court ruled as follows at page 295-96:

> [A]n ordinance must be declared unconstitutional where it fails "to place specific and reasonable time limits on official decision makers and to provide for prompt judicial review of adverse decisions." *Beal v. Stern*, 184 F.3d 117, 127 (2d Cir.1999) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 227, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) ("[W]here the licensor has unlimited time within which to issue a license, the risk of arbitrary suppression is as great as the provision of unbridled discretion.")).
>
> ...
>
> [W]e need not decide whether the permit requirements are sufficiently narrow and objective to survive scrutiny because the ordinance provides absolutely no provision limiting the time period during which a permit may be granted. Having decided to require a permit for the posting of a temporary political sign, Greenwood Lake must provide sufficient safeguards to ensure that a permit determination is made expeditiously. The danger, of course, is that the ordinance permits a rogue decision maker to delay the issuance of a sign permit for any reasons he or she deems appropriate. By failing to protect against this possibility, Greenwood Lake has rendered its sign ordinance unconstitutional. Accordingly, we grant summary judgment on behalf of plaintiff with respect to this issue.

Because the Village Code provisions are content based size limitations on Free Speech, it too must be declared unconstitutional.

CONCLUSION

Based upon the foregoing, the supporting exhibits, and the accompanying affidavits, it is abundantly clear that the Plaintiff's motion for summary judgment pursuant to Fed.R.Civ.P. 56 should be, in all respects, granted.

WHEREFORE, it is respectfully requested that this Court grant the Plaintiff's motion in its entirety, together with all such other relief as this Court may deem just and proper.

Dated: South Nyack
       June 6, 2008

                                  Respectfully submitted,

                                  CONDON RESNICK, LLP

                                  By: /s/ Brian K. Condon
                                  Brian K. Condon, Esq. (4683)
                                  Attorneys for Plaintiff
                                  96 South Broadway
                                  South Nyack, New York 10960
                                  (845) 358-8900