UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PATRICK WITHERS,

        Plaintiff,

        -against-

THE VILLAGE OF AIRMONT,
THE BOARD OF TRUSTEES OF THE VILLAGE OF AIRMONT,
JOSEPH MEYERS AS DEPUTY MAYOR AND TRUSTEE,
MAUREEN SCHWARZ AS TRUSTEE, AND ROY DOUGHERTY
AS BUILDING CODE INSPECTOR OF THE VILLAGE OF
AIRMONT, IN EACH OF THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES,

        Defendants.
------------------------------------------------------------------X

**ECF CASE**

**STATEMENT PURSUANT TO LOCAL RULE 56.1**
Civ. No.07-9674(SCR)

S I R S:

    PLEASE TAKE NOTICE, that pursuant to Local Rule 56.1, the Plaintiff respectfully submits the following list of material facts of which there is no genuine issue to be tried:

    1.    At all relevant times herein, Plaintiff is and was a private individual, registered voter, and candidate for the office of 12th Legislative District of the County of Rockland, which includes the Village of Airmont, exercising his right to free speech through public political expression in the Village of Airmont, Town of Ramapo, County of Rockland, State of New York. (See, Affidavit of Patrick Withers).

    2.    At all relevant times herein, Defendant Village of Airmont, ("Village") is a local municipal state government organized pursuant to the laws of the State of New York. (See, Plaintiff's Complaint at para. 6; Defendants' Answer admitting same at para. 4).

3. At all relevant times herein, Defendant Board of Trustees of Airmont is a public body established, organized and authorized pursuant to New York State Law with the authority to sue and be sued, and was at all times relevant herein, acting within the course and scope of its authority and under color of law, and responsible for Village administration and policy making, including the policies and procedures at issue herein. (See, Plaintiff's Complaint at para. 7; Defendants' Answer admitting same at para. 4).

4. At all relevant times herein, Defendant, Joseph Meyers, who at all times acted under color of law, is Deputy Mayor and member of the Board of Trustees of the Village, responsible for Village administration and policy making, including the policies and procedures at issue herein, and is sued in both his official and individual capacities. (See, Plaintiff's Complaint at para. 8; Defendants' Answer admitting same at para. 4).

5. At all relevant times herein, Maureen Schwarz, who at all times acted under color of law, is a member of the Board of Trustees of the Village, responsible for Village administration and policy making, including the policies and procedures at issue herein. (See, Plaintiff's Complaint at para. 9; Defendants' Answer admitting same at para. 4).

6. At all relevant times herein, Defendant Roy Dougherty, who at all times acted under color of law, is the Building Code Inspector of the Village of Airmont, and is sued in both his individual and official capacities. (See, Plaintiff's Complaint at para. 10; Defendants' Answer admitting same at para. 4).

7. At all times relevant herein, Plaintiff was and is a candidate running for the office of 12th Legislative District of the County of Rockland, which includes the

Village of Airmont in the 2007 election. (See, Affidavit of Patrick Withers; Plaintiff's Complaint at para. 11; Defendants' Answer admitting same at para. 4).

8. Plaintiff, in connection with his present and past political campaigns, has posted political signs in the Village of Airmont supporting his candidacy. He intends to post such signs in connection with any future political campaign which he enters. In addition, as a registered voter in the 12th Legislative District of the County of Rockland, Plaintiff desires to be able to view signs of other political campaigns in the Village of Airmont. (See, Affidavit of Patrick Withers).

9. A true and correct copy of the pertinent portions of the Code of the Village of Airmont, New York ("Village Code") including §§106-6(B), 210-64(A)(1), 210-64(A)(3), 210-64(D)(3), 210-64(D)(5), 210-62(I), 210-62(L), are annexed to the complaint collectively as Exhibit "A".

10. At all times relevant herein, Defendant Meyers was and is a candidate running for the office of 12th Legislative District of the County of Rockland, which includes the Village of Airmont, in the 2007 election. (See, Plaintiff's Complaint at para. 22; Defendants' Answer admitting same at para. 5).

11. The members of the Board of Trustees of the Defendant Village, including Trustee Maureen Schwarz, Trustee Veronica Boesch, Trustee Anthony Valenti, and Mayor Dennis Kay, support and/or are actively involved in Defendant Meyers' campaign for the office of 12th Legislative District of the County of Rockland, which includes the Village of Airmont, in the 2007 election. (See, Exhibit "D" as annexed to the Complaint).

12. At all relevant times herein, Defendant Meyers is and was an active member of Preserve Ramapo and a Preserve Ramapo candidate for County Legislature

and a photograph depicting all Defendant Board Members and the Mayor taken in the Challenger Room where Defendant Board meetings are held is found on Preserve Ramapo's website. (See, Exhibit "D" annexed to the Plaintiff's Complaint).

13. True and correct copies of the Village of Airmont Board of Trustees' Minutes from May 21, 2007 and July 23, 2007 are annexed to Plaintiff's complaint at Exhibit "C".

14. The Village of Airmont Board of Trustees' Minutes from May 21, 2007 state as follows at page 3:

> **Political Signs-** A discussion regarding political signs took place. Trustee Meyers stated political signs are allowed to be displayed 45 days prior to an election. A number of signs have been placed around the Village that are political in nature but not candidate oriented, such as the cell tower signs. Preserve Ramapo has placed some signs but the code enforcer has been removing them because they did not have a sign permit. When a representative of Preserve Ramapo applied for the permit he was informed that signs could only be out 45 days before an election. There is some question as to what the definition of political sign is…A public hearing will be scheduled a the next Village Board meeting regarding clarification of the definition of a political sign. (See, Exhibit "C" annexed to the Plaintiff's Complaint).

15. On July 23, 2007, the Defendant Board adopted an amendment to the political sign law changing the definition of "political sign". (See, Exhibit "C" annexed to the Plaintiff's Complaint).

16. On or about August 14, 2007, in an attempt to chill Plaintiff's exercise of free speech, Defendant Meyers commenced a defamation action against Plaintiff Withers in the Supreme Court State of New York, County of Rockland, allegedly based upon the content of certain political flyers. (See, Affidavit of Patrick Withers).

17. On August 16, 2007, Maureen Schwarz sent an e-mail to the Plaintiff identifying herself as campaign manager of the "Friends of Joe Meyers" and demanded

that Plaintiff remove campaign signs in the area at or about Wal-Mart shopping center, Route 59, Village of Airmont, New York. (See, Plaintiff's Complaint at para. 29; Defendants' Answer admitting same at para. 5).

18. On August 16, 2006, Maureen Schwarz further directed Plaintiff to "remove the Wal-Mart signs by 5 p.m. today or we will remove them . . . and we will advise you where you can pick up such removed signs for placement elsewhere". (See, Plaintiff's Complaint at para. 30; Defendants' Answer admitting same at para. 5).

19. On or about August 26, 2007, Defendant Meyers directed the Ramapo Police Department to remove political signs supporting Plaintiff from the area on or about the Wal-Mart property, Route 59, Village of Airmont, New York. (See, Affidavit of Patrick Withers).

20. On or about September 9, 2007, approximately 60-70 political signs supporting the Plaintiff were stolen within Legislative District 12, including signs that were posted within the Village of Airmont. (See, Affidavit of Patrick Withers and police report attached thereto).

21. On or about September 18, 2007, Defendant Meyers defeated Plaintiff in the Democratic Primary for the 12th Legislative District of the County of Rockland, which includes the Village of Airmont, and is the Democratic candidate for the November 6th, 2007 election. (See, Plaintiff's Complaint at para. 33; Defendants' Answer admitting same at para. 5).

22. Subsequent to the September 18, 2007 Democratic Primary, Plaintiff continued to be a candidate for the 12th Legislative District of the County of Rockland, which includes the Village of Airmont, running on the Working Families and

Conservative lines for the November 6, 2007 election. (See, Affidavit of Patrick Withers).

23. On or about September 25, 2007, the Defendant Roy Doherty issued a Violation Notice to the Plaintiff alleging Plaintiff violated Village Code, Article VIII, §210-64(D)(5) which states that no political sign may exceed 16 square feet in a commercial district nor 8 square feet in a residential district. (See, Plaintiff's Complaint at para. 36; Defendants' Answer admitting same at para. 5).

24. The Notice of Violation involved a political sign supporting Plaintiff placed by on private property located at 222 Route 59, Village of Airmont, County of Rockland, State of New York, and was prominently placed on the face of the sign by Defendants so that all the public could see same. (See, Affidavit of Patrick Withers and photographs annexed thereto at Exhibit "H").

25. On or about October 9, 2007, an Appearance Ticket alleging Plaintiff violated Village Code, Article VIII, §210-64(D)(5) which states that no political sign may exceed 16 square feet in a commercial district nor 8 square feet in a residential district. The appearance was scheduled for November 15, 2007. (See, Plaintiff's Complaint at para. 38; Defendants' Answer admitting same at para. 5).

26. Although other signs in the Village of Airmont exceeded the size of Plaintiff's, none were issued a notice of violations and/or appearance ticket on or before September 25, 2007. (See, Affidavit of Patrick Withers and photographs annexed thereto at Exhibit "J").

27. Plaintiff was discouraged from posting signs earlier in the campaign by the threat of enforcement of the aforesaid unconstitutional provisions and the negative publicity resulting from same. (See, Affidavit of Patrick Withers).

28. Plaintiff's voluntary compliance with the aforesaid unconstitutional provisions limited the time, duration, size and location of his political signs. (See, Affidavit of Patrick Withers).

29. On or about October 26, 2007, Defendant Meyers was observed stealing a competing political sign from private property in the Village of Airmont. (See, email to and from Defendant Meyers annexed as Exhibit "K").

Dated: June 6, 2008
      South Nyack, New York

      Respectfully submitted,

      CONDON RESNICK, LLP

      By: /s/ Brian K. Condon
      Brian K. Condon, Esq.(4683)
      Attorneys for Plaintiff
      96 South Broadway
      South Nyack, New York 10960
      (845) 358-8900

Exhibit "K"

From: Feb141972@aol.com
To: DSPW11@aol.com
Subject: Fwd: sign/ This is what Meyers sent back to me
Date: Sat, 27 Oct 2007 2:07 pm

See what's new at AOL.com and Make AOL Your Homepage.

| Attached Message | |
|---|---|
| From: | Linaluke1@aol.com |
| To: | Feb141972@aol.com |
| Subject: | Fwd: sign |
| Date: | Sat, 27 Oct 2007 2:06:06 PM Eastern Daylight Time |

See what's new at AOL.com and Make AOL Your Homepage.

| Attached Message | |
|---|---|
| From: | Joseph Meyers <jmeyers@meyerslaw.net> |
| To: | Linaluke1@aol.com |
| Subject: | RE: sign |
| Date: | Fri, 26 Oct 2007 20:02:20 -0400 |

You live on Cherry Lane right across the road. (Oh, right, I'm not supposed to know who you are.) Only unauthorized signs are removed. Augie is supporting me and only my sign has the right to be on Augie's property.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by return e-mail and destroy all copies of the original message.

From: Linaluke1@aol.com [mailto:Linaluke1@aol.com]
Sent: Friday, October 26, 2007 6:35 PM
To: jmeyers@airmont.org
Subject: sign

While traveling down Cherry Lane, I saw you steal that sign.

See what's new at AOL.com and Make AOL Your Homepage.